**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

AMALIE MUNSON,
                 Appellant,

          v.

DEPARTMENT OF THE ARMY,
                 Agency.

DOCKET NUMBER
SF-0752-13-1073-X-1

DATE: January 12, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Neil C. Bonney, Esquire, Virginia Beach, Virginia, for the appellant.

Kevin D. Cox, Herlong, California, and Tiffany J. Hall, Warren, Michigan,
     for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1       The administrative judge issued a compliance initial decision finding the
agency noncompliant with a settlement agreement entered in the underlying
appeal, MSPB Docket No. SF-0752-13-1073-I-1.  *See* MSPB Docket No.

---

[*] A nonprecedential order is one that the Board has determined does not add
significantly to the body of MSPB case law.  Parties may cite nonprecedential orders,
but such orders have no precedential value; the Board and administrative judges are not
required to follow or distinguish them in any future decisions.  In contrast, a
precedential decision issued as an Opinion and Order has been identified by the Board
as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

SF-0752-13-1073-C-1, Compliance File, Tab 9, Compliance Initial Decision (CID). For the reasons discussed below, we find the agency in compliance and DISMISS the petition for enforcement. This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

**DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE**

¶2      On September 19, 2014, the administrative judge issued a compliance initial decision finding the agency in noncompliance with the settlement agreement entered in the underlying appeal. CID. The administrative judge ordered the agency to pay the appellant $41,122.13 in attorney fees. CID at 1. Neither party petitioned for review, and the case was referred to the Board's Office of General Counsel to obtain compliance.

¶3      The Board issued an acknowledgement order instructing the agency to submit evidence of compliance by November 20, 2014. MSPB Docket No. SF-0752-13-1073-X-1, Compliance Referral File, Tab 1 at 3. The agency did not respond.

¶4      On December 1, 2014, the agency informed the Office of General Counsel by email that it had paid the required amount to the appellant on November 18, 2014. On December 2, 2014, the appellant's attorney confirmed by email that he had received the payment. He stated that the only outstanding issue was any fees incurred as a result of the agency's noncompliance.

¶5      Because both parties agree payment has been made as ordered by the compliance initial decision, we find the agency in compliance and dismiss the petition for enforcement. The appellant may file a separate attorney fee petition with the appropriate Board office. *See* 5 C.F.R. § 1201.203.

**NOTICE TO THE APPELLANT REGARDING
YOUR RIGHT TO REQUEST
ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203.  If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION.  You must file your attorney fees motion with the office that issued the initial decision on your appeal.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United

States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.